FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ JUN 23 2021 ☆

LONG ISLAND OFFICE

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

Torneisha Shadel Cameron

_(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)_

-against-

SUNY Research Foundation

_(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)_

**Complaint for Employment Discrimination**

Case No. _____
_(to be filled in by the Clerk's Office)_

Jury Trial: ☑ Yes ☐ No
_(check one)_

CV-21 3555

AZRACK, J.

TOMLINSON, M.J.

## I.   The Parties to This Complaint

### A.   The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint.  Attach additional pages if needed.

| | |
|---|---|
| Name | Torneisha Cameron |
| Street Address | 13425 Francis Lewis blvd |
| City and County | Laurelton, Queens |
| State and Zip Code | NY 11413 |
| Telephone Number | (516)717-9374 |
| E-mail Address | TCAMA22Y@GMAIL.COM |

### B.   The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation.  For an individual defendant, include the person's job or title (if known).  Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | SUNY Research Foundation for |
| Job or Title (if known) | Stony Brook University |
| Street Address | W5510 Melville Library SBU |
| City and County | Stony Brook, Suffolk |
| State and Zip Code | New York, 11794-3362 |
| Telephone Number | |
| E-mail Address (if known) | |

Defendant No. 2

| | |
|---|---|
| Name | SUNY Research Foundation For |
| Job or Title (if known) | Stony Brook University |
| Street Address | P.O. Box 9 35 State Street |
| City and County | Albany |

State and Zip Code    New York, 12207
Telephone Number    (518) 434-7000
E-mail Address
(if known)

**C.    Place of Employment**

The address at which I sought employment or was employed by the defendant(s)
is:

Name    SUNY RF - Stony Brook WICHP
Street Address    173 Mineola blvd
City and County    Mineola, Nassau County
State and Zip Code    NY, 11501
Telephone Number    (516) 419-5900

## II.    Basis for Jurisdiction

This action is brought for discrimination in employment pursuant to *(check all that apply)*:

☑    Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).

*(Note:  In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☐    Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 to 634.

*(Note:  In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission.)*

☐    Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 to 12117.

*(Note:  In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

3

☐        Other federal law *(specify the federal law)*:

_____

☐        Relevant state law *(specify, if known)*:

_____

☐        Relevant city or county law *(specify, if known)*:

_____

**III.    Statement of Claim**

Write a short and plain statement of the claim.  Do not make legal arguments.  State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought.  State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct.  If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph.  Attach additional pages if needed.

A.    The discriminatory conduct of which I complain in this action includes *(check all that apply)*:

☐        Failure to hire me.
☐        Termination of my employment.
☐        Failure to promote me.
☐        Failure to accommodate my disability.
☒        Unequal terms and conditions of my employment.
☒        Retaliation.
☐        Other acts *(specify)*:  _____

*(Note:  Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.)*

B.    It is my best recollection that the alleged discriminatory acts occurred on date(s)

December 2020 to Present date

C.    I believe that defendant(s) *(check one)*:

☒  is/are still committing these acts against me.
☐  is/are not still committing these acts against me.

D.    Defendant(s) discriminated against me based on my *(check all that apply and explain)*:

☒  race  Black /African - American
☐  color _____
☐  gender/sex _____
☐  religion _____
☐  national origin _____
☐  age.  My year of birth is _____.  *(Give your year of birth only if you are asserting a claim of age discrimination.)*
☐  disability or perceived disability *(specify disability)*
_____

E.    The facts of my case are as follows.  Attach additional pages if needed.

Please see statement attached.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

*(Note:  As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, or the charge filed with the relevant state or city human rights division.)*

IV.   **Exhaustion of Federal Administrative Remedies**

    A.    It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding the defendant's alleged discriminatory conduct on *(date)*

        12|15|2020

    B.    The Equal Employment Opportunity Commission *(check one)*:

        ☐    has not issued a Notice of Right to Sue letter.

        ☑    issued a Notice of Right to Sue letter, which I received on *(date)*

            3|25|2021

        *(Note:  Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.)*

    C.    Only litigants alleging age discrimination must answer this question.

        Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding the defendant's alleged discriminatory conduct *(check one)*:

        ☐    60 days or more have elapsed.

        ☐    less than 60 days have elapsed.

V.   **Relief**

State briefly and precisely what damages or other relief the plaintiff asks the court to order.  Do not make legal arguments.  Include any basis for claiming that the wrongs alleged are continuing at the present time.  Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts.  Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

$500,000 for discrimination, retaliation, lost wages, travel reimbursement, bonus, physical and emotional stress which led to a syncope episode causing lost time at work. Any and all other reliefs that the court deems just and proper.

## VI.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.    For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served.  I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: _6/ 23_ , 20_21_.

Signature of Plaintiff

Printed Name of Plaintiff    _Torneisha Cameron_

## About These Forms

1.   **In General.** This and the other pleading forms available from the www.uscourts.gov website illustrate some types of information that are useful to have in complaints and some other pleadings. The forms do not try to cover every type of case. They are limited to types of cases often filed in federal courts by those who represent themselves or who may not have much experience in federal courts.

2.   **Not Legal Advice.** No form provides legal advice. No form substitutes for having or consulting a lawyer. If you are not a lawyer and are suing or have been sued, it is best to have or consult a lawyer if possible.

3.   **No Guarantee.** Following a form does not guarantee that any pleading is legally or factually correct or sufficient.

4.   **Fee:** The filing fee is $402, payable to the Clerk of the Court, USDC, EDNY by certified check, bank check, personal check, money order or cash (if paying in person). If the filing fee is paid, the U.S. Marshal will not be directed to serve the defendants and plaintiff will be responsible for service of process on defendants. Service of the summons and complaint can be made by anyone over the age of 18 who is not a party to the action.

5.   **Variations Possible.** A form may call for more or less information than a particular court requires. The fact that a form asks for certain information does not mean that every court or a particular court requires it. And if the form does not ask for certain information, a particular court might still require it. Consult the rules and caselaw that govern in the court where you are filing the pleading.

6.   **Examples Only.** The forms do not try to address or cover all the different types of claims or defenses, or how specific facts might affect a particular claim or defense. Some of the forms, such as the form for a generic complaint, apply to different types of cases. Others apply only to specific types of cases. Be careful to use the form that fits your case and the type of pleading you want to file. Be careful to change the information the form asks for to fit the facts and circumstances of your case.

7.   **No Guidance on Timing or Parties.** The forms do not give any guidance on when certain kinds of pleadings or claims or defenses have to be raised, or who has to be sued. Some pleadings, claims, or defenses have to be raised at a certain point in the case or within a certain period of time. And there are limits on who can be named as a party in a case and when they have to be added. Lawyers and people representing themselves must know the Federal Rules of Civil Procedure and the caselaw setting out these and other requirements. The current Federal Rules of Civil Procedure are available, for free, at www.uscourts.gov.

8.   **Privacy Requirements.** Federal Rule of Civil Procedure 5.2 addresses the privacy and security concerns over public access to electronic court files. Under this rule, papers filed with the court should not contain anyone's full social-security number or full birth date; the name of a person known to be a minor; or a complete financial-account number. A filing may include only the last four digits of a social-security number and taxpayer identification number; the year of someone's birth; a minor's initials; and the last four digits of a financial-account number.

I have made a complaint to my supervisors about some concerns I had and in return I was transferred to a further location with an earlier start time, and since then many other negative actions have been taking against me.

In September of 2019, I was hired for a position with SUNY Research Foundation World Trade Center Health Program for Stony Brook. The company has two locations, one in Mineola, Nassau County and the other in Commack, Suffolk County. During my interview and throughout my onboarding process, I was told that I would be working at the Mineola location and from time-to-time float to Commack if staffing is short and when there is a need. This was done by rotation between the LPNs in Mineola. Due to the pandemic, many childcare programs became unavailable so whenever there was a time that I was scheduled to float to Commack and was unable to go, my coworker Farah, volunteered to go for me. I made sure to let my superiors know that I was experiencing difficulties with childcare arrangements due to the pandemic and my youngest child's special needs. At some point in mid 2020, the supervisors sent out an email about staff rotating between clinic locations to fill in when needed, they announced that it would apply to both clinics and staff. Even though these changes were announced, it never went into effect. There were many times the staffing was short in Mineola and never had anyone floated over there to assist. We worked harder and longer, uncompensated. Even when we asked for help, no one came. While working for this company, I have noticed there has been a difference between the two clinic locations. The Mineola location is mostly African American but still diverse, there are Hispanics and Indian staff, and two Caucasian providers. In Commack, the staff are Caucasians with one Indian CMA. Many of the staff in Mineola have felt the same as I do, we were being treat unfairly and discriminated against. Many are afraid to speak up about it and a few of the staff have walked away from the job because of it. Another coworker Cindy, and I have spoken up on separate occasions. My Mineola coworkers and I who are African Americans, Hispanic, and west Indian have heavier workloads with less resources than my Caucasian coworkers in Commack. Mineola Nurses had to see 6 patients a day, Commack Nurses must see 4 or 5 patients a day. Mineola Nurses have to consent all their patients and complete many other tasks for their patients when in Commack they get additional resources to help with these tasks. My Mineola coworkers and I have different rules to follow than my coworkers in Commack. Mineola staff were not allowed to eat at our desks, this rule did not apply for Commack. Mineola staff does not have a lunchroom, but we had a microwave which were not allowed to use, Commack has a lunchroom and microwave which they were allowed to use.

Below I have attached an email thread of the December 10th, 2020 conversation with the Nurse manager about my concerns. My initial email is below the responses.
**Kanner, Andrew M**
**Thu 12/10/2020 8:25 PM**

- **Cameron, Torneisha**

Cc:

- **Valenti, Bruno Rocco;**
- **Brolhier, Julie A;**
- **Acuna, Martha**

*Torneisha,*
*Thank you for sharing your feelings. We will discuss all of your concerns on the Monday Teams call as requested by Cindy on behalf of the Mineola team members.*

*Andrew*

*Sent from my iPhone*


*On Dec 10, 2020, at 8:11 PM, Cameron, Torneisha <Torneisha.Cameron@stonybrookmedicine.edu> wrote:*


*You know, I have a felt this way for a long time and I have facts to prove the disparities and inequalities between the two clinics. You all say the clinics should be universal. What's done in Commack has to be done in Mineola, we have been doing that with the best of our abilities, even with the lack of resources. You all have taken away many resources from the Mineola clinic leaving the staff there to do more. The nurse to patient ratio is extremely different between the two clinics. We were told that the expectations of the nurses, is to see a max of 6 patients. Seeing 5 is a struggle when it occurs, but when we get 6 it's horrible but we do it. It's not the same ratio for Commack, the nurses over there see 4 on most days, 5 is pushing it. You all enforced that when a provider is out, the nurses and CMA would have to rotate between clinics, when there is a need. This is not true for Mineola because when we are in need, no one comes we just have to work harder, see our max amount of patients and do extra work, missing lunch and leaving late to catch up on documentations. The Mineola team is being picked on and it is clear. Most afternoons Mineola has 3 nurses excluding the lead, 3 providers with 8 patients while Commack has 7 nurses excluding the lead and about 7 providers with about 4-7 patients. Where is the fairness in that?! Tomorrow there are 20 patients scheduled in Commack, with a provider out, 5 nurses scheduled to be there, excluding the lead, that means its 4 patients per nurse and I'm scheduled to be there that will make it 6 nurses, 3 patients for some and I'm certain I will be one of two who will get a 4th patient! Mineola has 12 patients scheduled, with a provider out, 2 nurses scheduled to be there, excluding the lead, that means it's 6 patients per nurse. Where is the fairness in that?! The two clinics and the staffs are not treated fairly and it is blatant. I've have been seeing disparities for a while and have been afraid to speak up but it's taken a toll on myself and others. Tuesday we were down a nurse and you all still float a nurse and a CMA to Commack, I had to see 6 patients, I did not get a lunch break and I had to stay till after 5 to finish all my charts and documentation. I came to Commack today, I saw 4 patients, the same amount I would see if I was in Mineola today. In the afternoon, there were only 4 patients with 7 nurses, myself and 3 other nurses received a patient, while the other 3 had none! When*

*I was hired, I was told that I may need to float to Commack from time to time, when there is a need, which I was fine with, then this pandemic hit. Since this pandemic began I have struggled with child care issues and I have tried very hard to make it work so that I can keep my job, and without burdening any of my coworkers, so I try to come Commack but it is a true struggle. And it's very unfair, that I have to struggle to get to Commack, when there is no need for me there. It seems like you all have something against the staff at Mineola and we're being discriminated against. I am asking for you all to take a look at what's going on and please consider making some changes because it really is not right.*

*Get Outlook for iOS*
*From: Kanner, Andrew M <Andrew.Kanner@stonybrookmedicine.edu>*
*Sent: Thursday, December 10, 2020 5:31:35 PM*
*To: Cameron, Torneisha <Torneisha.Cameron@stonybrookmedicine.edu>*
*Subject: Re:*

*Torneisha,*
*I came to Look for you but you had already left for the night. We need to have a nurse from Mineola, wether it's you or one of your colleagues. I don't care you you guys switch, but someone needs to be in Commack tomorrow.*
*I'm sorry for any inconvenience this might cause.*
*Thank you,*
*Andrew*

*Sent from my iPhone*


*On Dec 10, 2020, at 4:40 PM, Cameron, Torneisha <Torneisha.Cameron@stonybrookmedicine.edu> wrote:*


*Good evening, you never got back to me about tomorrow. It's really a struggle for me to commute to Commack. If I don't half to go, can I stay in Mineola tomorrow?*

*Get Outlook for iOS*


*This e-mail message, including any attachments, is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by e-mail and destroy all copies of the original.*

After this conversation, that following Monday, 12/14/2020, the supervisors cancelled the scheduled meeting on teams and instead conducted an isolated meeting one on one. While in an exam room with a patient they called me on the phone, told me to drop everything and make my way downstairs. When I reached downstairs, there was Martha, the office manager in person, and on the computer, screen was three other supervisors, Andrew, Bruno, Julie and Ruth, the Director of Finance and Human Resources. What was supposed to be a meeting about the concerns of the staff turned out to be something else. They all sat and stared at me as if they were trying to intimidate me and basically told me that there will be a schedule put together for the Mineola nurses to float to Commack for some weeks in January, dates were not yet revealed. Once again, I expressed to them my hardship with going to Commack, this was ignored. On 12/15/2020 I requested one week off after learning that a provider in our Mineola location would be off, I was denied that request, and moments later told I must go to Commack on those same days I requested off, I believe this is retaliation for me sending out that email about discrimination on 12/10/2021. The retaliation continued, Farah, a coworker said she would go to Commack in my place, but then she was told she can not do that anymore and that I would have to go. As it got closer to January and I still could not resolve my personal childcare issues, another coworker, Cindy, who was also scheduled to go, decided we would switch dates. I was first up with three weeks scheduled in Commack, Cindy was second with two weeks, and Farah was third with one week. Cindy also had her own conflicts with her scheduled dates. When we notified the supervisors of our switch, they said that cannot be done. It was becoming clear to me what was happening at that point. Previously, it was ok for anyone of us to go but it had now become an issue for a reason they could not state. Farah also told me that she volunteered herself to transferred to Commack so that Cindy and I would not have to be floated anymore because she knows it can be difficult at times. Farah lives in Nassau County, and she stated it wasn't an issue for her to travel to Commack because it was almost the same travel time for her. They refused Farah's offer and told her they had something planned. On 12/30/2020, I told the office manager Martha Acuna that I really could not do those dates and I needed more time to make proper childcare arrangements, I again explained to her that all the resources that were once available were no longer due to the pandemic. Martha suggested I speak with Ruth Cote, the Director of Finance and Human Resources. I emailed Ruth but she was on vacation and wouldn't return to the office until 1/4/2021, the day I was scheduled to be in Commack. Then Martha suggested I reach out to Julie Broihier, the Administration Director, same was done.

Below is the email thread of the conversation between Julie and me.
*Torneisha, please notify your supervisor Andrew. Thank you, Julie*

*From: Cameron, Torneisha <Torneisha.Cameron@stonybrookmedicine.edu>*
*Sent: Thursday, December 31, 2020 11:44 AM*
*To: Broihier, Julie A <Julie.Broihier@stonybrookmedicine.edu>*
*Subject: Re: Commack Rotation*

*Due to my ongoing child care issues, which is a result of the COVID19 pandemic, I will not be able to reach Commack until 9 am on both Monday and Tuesday.*

*From: Broihier, Julie A <Julie.Broihier@stonybrookmedicine.edu>*
*Sent: Wednesday, December 30, 2020 4:14 PM*

**To: Cameron, Torneisha <Torneisha.Cameron@stonybrookmedicine.edu>**
**Subject: Re: Commack Rotation**

**Torneisha, I am out of the office this week, but I understand that you will be in Commack on Monday. I think it would be best to meet in person and discuss. It seems that there may be a misunderstanding with expectations which we can sort out on Monday.**
**Thank you, Julie**

--------------------------------------------------------------------------

**From: Cameron, Torneisha <Torneisha.Cameron@stonybrookmedicine.edu>**
**Sent: Wednesday, December 30, 2020 11:45 AM**
**To: Broihier, Julie A <Julie.Broihier@stonybrookmedicine.edu>**
**Subject: Commack Rotation**

**Good morning Julie, can you please give me a call at your earliest convenience. I have already emailed Ruth but received an auto response stating she is out of the office until 1/4/2021. This is regarding the schedule that was put in place for myself and coworkers to go to Commack for work. I am unable to do those days assigned due to my child care issues, which I have made known several times already, I am being told that my coworker and I cannot switch days where it will be convenient for both of us. I have been struggling to find proper child care arrangement since this whole pandemic began. My coworker Cindy, finds that the first week in January works for her so she agreed to do those days, this allows me more time to figure out my child care issues. Please email me or call me (516) 717-9374.**

**This e-mail message, including any attachments, is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by e-mail and destroy all copies of the original.**

At the end of the day on that Monday 1/4/2021, myself and another coworker Cindy were called for a meeting one at a time. In the meeting was Andrew Kanner, Bruno Valenti, Julie Broihier, and me. This meeting lasted about 5 minutes. They told me that I am being transferred to Commack location full time 'indefinitely' and beginning 1/18/2021. When I asked why, Bruno Valenti said 'It's organizational'. I explained that it would be difficult for me to accept that transfer for several reasons. They basically told me they gave Cindy 30 days to make arrangements so I can do the same but in the same breath pointed out that I am scheduled to rotate to Commack for the next 3 weeks so I will have that 1 week after to make arrangements. I was told to speak to HR after 30 days. I reached out to HR, Ruth Cote that same day to discuss my options and about taking a leave so that I can try to sort out my childcare arrangements. Ruth let me know she would speak to Julie and Bruno and get back to me. My coworker Cindy and I both made complaints about discrimination and in return were retaliated against by being transferred. On that same day Monday 1/4/2021, Cindy said when she went in for her meeting

with Julie, Bruno, and Andrew, Bruno Valenti stated that since you guys think we treat you different, I'm going to show you how different we treat you.

Being unsuccessful with childcare arrangements and trying to possibly get an earlier bus pick up time for my youngest, I had to call out of work for the next few days and that became an issue.

Below is an email response to me calling out. Email is the method used for calling out.
**Valenti, Bruno Rocco**
**Wed 1/6/2021 10:51 PM**
**To:**
- **Cameron, Torneisha**
**Cc:**
- **Kanner, Andrew M;**
- **Acuna, Martha;**
- **Stack, Tori;**
- **Watkins, Robin;**
- **Cote, Ruth;**
- **Broihier, Julie A**

**Forgive me, but what is the reason for the "callout"?**

**Did you discuss this with anyone?**

**You were assigned to the Commack clinic on December 14 for the period of three weeks as discussed during our meeting with administrative staff.**

**Unless there are prior arrangements, you are expected at work in Commack at 730 am.**

**Thank You**

**Bruno**

**On Jan 6, 2021 10:30 PM, "Cameron, Torneisha"**
**<Torneisha.Cameron@stonybrookmedicine.edu> wrote:**
**Good night, I am calling out for Thursday 1/7/2021 and Friday 1/8/2021.**

**Get Outlook for iOS**

This e-mail message, including any attachments, is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by e-mail and destroy all copies of the original.

At some point I reached out to a Stony Brook HR personnel, but she could not help me. After weighing my options and trying almost everything else, I decided to take a risk. I allowed my 13-

year-old daughter to travel with her 6-year-old sister on the city bus to school because it was my only option at that point. I tried my best to go to work every day even while working in a hostile environment and I continue to work efficiently. Starting in February 2021, they began rotating the nurses from Commack to Mineola, they chose everyone to go except me. All the nurses complained because it was too much of a commute for them and they even asked me why I couldn't go to Mineola; I would respond telling them I don't know why but I truly believe this was done to prove a point to me all because I made a complaint in December 2020 about the discrimination. Eventually, when all the nurses complained to the supervisors about not wanting to go to Mineola, they finally allowed me to go to Mineola to work for two days. Sometime around March and April of 2021, all the staff I spoke to received bonuses, I was excluded from this incentive, this is another act of retaliation against me for complaining of discrimination in December 2020. Everything relating to work became overwhelming and was affecting my children as well. They were forced to wake up almost 2 hours earlier than usual just to get to my mother's house so she can drop them to the bus stop on her way to work. After they get off the bus, they would reach school early and must wait outside for 45 minutes until the doors open. They would be exhausted by the end of the day. My youngest daughter who has a neurodevelopmental disorder, really had a hard time, even in the classroom. Many times, the school had to call me, regarding her behavior and inability to keep up with the rest of the class. In 4/2021, due to the changes, my youngest daughter's medication and dosage had to be adjusted to reflect the time she is awake and to help her throughout the school day. On 4/28/2021, I had a medical emergency at work, around 11:20am I was given my 4th patient, this was the 3rd within the hour, I became overwhelmed thinking about how I would not be getting a lunch that day. I passed out in the exam room in front of the patient and was transferred to the St. Catherine Sienna Medical Center. This is a result of the retaliation and the stress I endure from my employers. I had to wake up earlier and travel further and come to work and sometimes not able take my lunch and rush out in the afternoon to get my kids, get to school, or home. Mine and my children's whole life was disrupted since they took these negative actions against me all for making my concerns known. The retaliation continued; on May 7th I was told I could no longer receive travel reimbursement because I have been permanently placed in Commack. I never received any transfer package or new contract for this but there I was driving an additional 50 miles every day which is very costly and now I cannot get reimbursed. Since writing that email addressing my concerns about discrimination, I have had all these negative actions taken against me and I having anxiety just thinking about what they will do next.

EEOC Form 5 (11/09)

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974.  See enclosed Privacy Act Statement and other information before completing this form.

| Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|
| ☐ FEPA | |
| ☒ EEOC | 520-2021-01018 |

## NEW YORK STATE DIVISION OF HUMAN RIGHTS                    and EEOC
*State or local Agency, if any*

| Name *(indicate Mr., Ms., Mrs.)* | Home Phone | Year of Birth |
|---|---|---|
| **TORNEISHA CAMERON** | **(516) 717-9374** | |

| Street Address | City, State and ZIP Code |
|---|---|
| **13425 FRANCIS LEWIS BLVD, SPRINGFIELD GARDENS,NY 11413** | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others.  *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| **SUNY RESEARCH FOUNDATION** | **15 - 100** | |

| Street Address | City, State and ZIP Code |
|---|---|
| **500 COMMACK RD, UNIT 160, COMMACK, NY 11725** | |

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

☒ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☐ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ GENETIC INFORMATION
☐ OTHER *(Specify)*

DATE(S) DISCRIMINATION TOOK PLACE
Earliest **12-15-2020**  Latest **12-15-2020**
☐ CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

I am employed with Respondent as a licensed practical nurse. I am African American. I was treated differently on the basis of race. I complained about it. After complaining, I was permanently transferred to the Commack location, which I consider to be a negative employment action.

I allege I was subjected to discrimination and retaliation on the basis of race in violation of Title VII of the Civil Rights Act of 1964 as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| **Digitally signed by Torneisha Cameron on 03-19-2021 12:33 PM EDT** | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* |

CP Enclosure with EEOC Form 5 (11/09)

**PRIVACY ACT STATEMENT:** Under the Privacy Act of 1974, Pub. Law 93-579, authority to request personal data and its uses are:

**1. FORM NUMBER/TITLE/DATE.** EEOC Form 5, Charge of Discrimination (11/09).

**2. AUTHORITY.** 42 U.S.C. 2000e-5(b), 29 U.S.C. 211, 29 U.S.C. 626, 42 U.S.C. 12117, 42 U.S.C. 2000ff-6.

**3. PRINCIPAL PURPOSES.** The purposes of a charge, taken on this form or otherwise reduced to writing (whether later recorded on this form or not) are, as applicable under the EEOC anti-discrimination statutes (EEOC statutes), to preserve private suit rights under the EEOC statutes, to invoke the EEOC's jurisdiction and, where dual-filing or referral arrangements exist, to begin state or local proceedings.

**4. ROUTINE USES.** This form is used to provide facts that may establish the existence of matters covered by the EEOC statutes (and as applicable, other federal, state or local laws). Information given will be used by staff to guide its mediation and investigation efforts and, as applicable, to determine, conciliate and litigate claims of unlawful discrimination. This form may be presented to or disclosed to other federal, state or local agencies as appropriate or necessary in carrying out EEOC's functions. A copy of this charge will ordinarily be sent to the respondent organization against which the charge is made.

**5. WHETHER DISCLOSURE IS MANDATORY; EFFECT OF NOT GIVING INFORMATION.** Charges must be reduced to writing and should identify the charging and responding parties and the actions or policies complained of. Without a written charge, EEOC will ordinarily not act on the complaint. Charges under Title VII, the ADA or GINA must be sworn to or affirmed (either by using this form or by presenting a notarized statement or unsworn declaration under penalty of perjury); charges under the ADEA should ordinarily be signed. Charges may be clarified or amplified later by amendment. It is not mandatory that this form be used to make a charge.

### NOTICE OF RIGHT TO REQUEST SUBSTANTIAL WEIGHT REVIEW

Charges filed at a state or local Fair Employment Practices Agency (FEPA) that dual-files charges with EEOC will ordinarily be handled first by the FEPA. Some charges filed at EEOC may also be first handled by a FEPA under worksharing agreements. You will be told which agency will handle your charge. When the FEPA is the first to handle the charge, it will notify you of its final resolution of the matter. Then, if you wish EEOC to give Substantial Weight Review to the FEPA's final findings, you must ask us in writing to do so within 15 days of your receipt of its findings. Otherwise, we will ordinarily adopt the FEPA's finding and close our file on the charge.

### NOTICE OF NON-RETALIATION REQUIREMENTS

Please **notify** EEOC or the state or local agency where you filed your charge **if retaliation is taken against you or others** who oppose discrimination or cooperate in any investigation or lawsuit concerning this charge. Under Section 704(a) of Title VII, Section 4(d) of the ADEA, Section 503(a) of the ADA and Section 207(f) of GINA, it is unlawful for an *employer* to discriminate against present or former employees or job applicants, for an *employment agency* to discriminate against anyone, or for a *union* to discriminate against its members or membership applicants, because they have opposed any practice made unlawful by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an

investigation, proceeding, or hearing under the laws. The Equal Pay Act has similar provisions and Section 503(b) of the ADA prohibits coercion, intimidation, threats or interference with anyone for exercising or enjoying, or aiding or encouraging others in their exercise or enjoyment of, rights under the Act.

EEOC Form 161 (11/2020)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| | |
|---|---|
| To: **Torneisha Cameron**<br>**13425 Francis Lewis blvd**<br>**Springfield Gardens, NY 11413** | From: **New York District Office**<br>**33 Whitehall Street**<br>**5th Floor**<br>**New York, NY 10004** |

☐ *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **520-2021-01018** | **Perry Canales,**<br>**Investigator** | **(929) 506-5318** |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒ The EEOC issues the following determination: The EEOC will not proceed further with its investigation, and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

Perry A, Canales    For    3/25/2021

Enclosures(s)

**Judy A. Keenan,**
**District Director**

*(Date Issued)*

cc:    **Chrisoula Cantone-Stader**
**HR**

Enclosure with EEOC
Form 161 (11/2020)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court <u>under Federal law</u>.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS    —    Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA),**
**the Genetic Information Nondiscrimination Act (GINA), or the Age**
**Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within
90 days** of the date you *receive* this Notice.  Therefore, you should **keep a record of this date**.  Once this 90-
day period is over, your right to sue based on the charge referred to in this Notice will be lost.  If you intend to
consult an attorney, you should do so promptly.  Give your attorney a copy of this Notice, and its envelope or
record of receipt, and tell him or her the date you received it.  Furthermore, in order to avoid any question that you
did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was
*issued* to you** (as indicated where the Notice is signed) or the date of the postmark or record of receipt, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction.  (Usually, the appropriate
State court is the general civil trial court.)  Whether you file in Federal or State court is a matter for you to decide
after talking to your attorney.  Filing this Notice is not enough.  You must file a "complaint" that contains a short
statement of the facts of your case which shows that you are entitled to relief.  Your suit may include any matter
alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in
the charge.  Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some
cases can be brought where relevant employment records are kept, where the employment would have been, or
where the respondent has its main office.  If you have simple questions, you usually can get answers from the
office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or
make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS    —    Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back
pay due for violations that occurred **more than <u>2 years (3 years)</u> before you file suit** may not be collectible.  For
example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit
<u>before 7/1/10</u> – *not* 12/1/10 – in order to recover unpaid wages due for July 2008.  This time limit for filing an EPA
suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above.
Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA
claim, suit must be filed within 90 days of this Notice <u>and</u> within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION    —    Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction
in your case may, in limited circumstances, assist you in obtaining a lawyer.  Requests for such assistance must be
made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your
efforts to retain an attorney).  Requests should be made well before the end of the 90-day period mentioned above,
because such requests do <u>not</u> relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE    —    All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any
questions about your legal rights, including advice on which U.S. District Court can hear your case.  If you need to
inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide
your charge number (as shown on your Notice).  While EEOC destroys charge files after a certain time, all charge files
are kept for at least 6 months after our last action on the case.  Therefore, if you file suit and want to review the charge
file, **please make your review request <u>within 6 months</u> of this Notice**.  (Before filing suit, any request should be
made within the next 90 days.)

***IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.***